

**ORDERED in the Southern District of Florida on October 4, 2019.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:**                                                                      **CASE NO. 19-13895-EPK**
                                                                                    **CHAPTER 13**

**HAROLD D ROBINSON and**
**DIANA K DELPH-ROBINSON,**

          **Debtors.**
_____/

## ORDER DENYING MOTION TO VALUE

On August 12, 2019, the Court held a hearing on the *Motion to Value and Determined Secured Status of Liens on Personal Property Held by General Electric Credit Union* (ECF No. 23; the "Valuation Motion") filed by the debtors in this case, Harold Robinson and Diana K. Delph-Robinson.  The Court has also considered the amended response to the Valuation Motion filed by General Electric Credit Union ("GECU").  ECF No. 52.

In the Valuation Motion, the debtors seek to value a vehicle pursuant to 11 U.S.C. § 506 for purposes of bifurcating GECU's claim in this case, so that part of the claim equal to the value of the vehicle will be treated as secured and paid with interest over a period of years, and the remainder of the claim will be treated as unsecured and receive *pro rata* distributions under the chapter 13 plan.  GECU argues that it has a purchase money security

interest in the vehicle, which was acquired for the debtors' personal use within the 910-day period preceding the filing of this bankruptcy case, and so the so-called hanging paragraph at the end of 11 U.S.C. § 1325(a) prohibits the bifurcation of GECU's claim.

The hanging paragraph of section 1325(a) has three requirements when the debt at issue relates to a motor vehicle.  First, the creditor must have a purchase money security interest in the vehicle.  Second, the debt must have been incurred within 910 days prior to the bankruptcy case.  Third, the collateral for the debt must be a motor vehicle acquired for the personal use of the debtor.  The debtors do not dispute that GECU has a purchase money security interest in the vehicle, that the vehicle was acquired for the personal use of the debtors, nor that the debt was incurred within 910 prior to the debtors filing this case.  The debtors argue that because the vehicle is subject to cross-collateralization, meaning that the vehicle may serve as collateral for other obligations of the debtors to GECU, the hanging paragraph does not apply.

GECU concedes that the security agreement relating to the subject vehicle includes a provision stating that the vehicle serves as collateral not only for the loan made to permit the debtors to acquire the vehicle, but also for any existing or future loans and lines of credit from GECU to the debtors.  At the time the debtors obtained the subject vehicle financing, the debtors had other vehicle loans and lines of credit with GECU.  As a result, by executing the security agreement relating to the vehicle, the debtors granted a security interest in that vehicle not only to secure the purchase money financing at issue here, but also to secure existing and future financing provided by GECU.

There is nothing in the hanging paragraph of section 1325(a) that would lead the Court to conclude that the existence of the cross-collateralization clause in the security agreement between the debtors and GECU renders the hanging paragraph inapplicable.  The

2

debtors cited no case law directly on point, and the Texas case law cited by the debtors at the hearing is distinguishable, as GECU points out in its amended response.

Perhaps the argument is that because the vehicle in this case was potentially collateral for other loans, it was not collateral solely for the loan the debtors seek to bifurcate, and so the hanging paragraph of section 1325(a) does not apply.  But the text of the statute does not support that argument.  The statute requires that GECU have a purchase money security interest.  As GECU points out in its amended response, and the debtors do not dispute, GECU does in fact have a purchase money security interest in the vehicle.  That the vehicle may also be collateral for other obligations does not diminish this fact.  *See In re Matthews*, 378 B.R. 481, 486-89 (Bankr. D.S.C. 2007) ("[T]he presence of cross-collateralization clauses . . . does not deprive the Credit Union of a purchase money security interest or the protection of 11 U.S.C. § 1325(a)(*).").  The statute requires that the debt have been incurred within 910 days prior to the bankruptcy filing.  In this case, there is no dispute that it was.  The statute requires that the collateral for the debt before the Court be a vehicle acquired for the personal use of the debtors.  In this case, the subject vehicle was purchased for the debtors' personal use and is indeed the collateral securing GECU's claim.  Although not clear that this would be material, there was no argument that there is other collateral for GECU's claim.  The argument is the opposite, that this vehicle may secure other obligations, but there is nothing in the statute preventing its application in such a case.

In light of the foregoing, the debtors may not seek valuation of the subject vehicle and the Valuation Motion is due to be denied.

For the foregoing reasons, the Court ORDERS and ADJUDGES that the *Motion to Value and Determined Secured Status of Liens on Personal Property Held by General Electric Credit Union* [ECF No. 23] is DENIED.

### 

3

Copies furnished to:
Colin V Lloyd, Esq.


*Colin V Lloyd, Esq. is directed to serve a copy of this order on all appropriate parties and file a certificate of service.*